**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

Mark Dirksing
c/o Zachary J. Smith
P.O. Box 75310
Fort Thomas, KY 41075

Plaintiff,

v.

Boone County Schools
8330 US HWY 42
Florence, KY 41042

SERVE: Jeff Hauswald, Superintendent
Boone County Schools
8330 US HWY 42
Florence, KY 41042

and

Jerome Gels
909 Whirlaway DR
Union, KY 41091

and

Donald Black
2763 Running Creek DR.
Florence, KY 41042

and

Brian Noll
15 Canon Ridge
Fort Thomas, KY 41075

and

Charles Rolfsen
8290 Pleasant Valley RD.
Florence, KY 41042

and

Case No.: ______________

Judge _____________

Eric Ball
777 Morning Glory DR.
Lationa, KY 41015

Defendants.

**COMPLAINT WITH JURY DEMAND**

Mark Dirksing, for his complaint, states the following:

**PARTIES**

1. Plaintiff Mark R. Dirksing is a resident of Ohio, 3039 Buckeye Trace, Cleves, OH 45002

2. Defendant Boone County Schools is a public school district organized under the laws of Kentucky, with its principal place of business located at 8330 US 42, Florence, Kentucky 41042.

3. Defendant Jerome Gels is an individual who, at all times relevant to this Complaint, was employed as Principal at Ignite Institute within the Boone County School District and is sued in his individual capacity and professional capacity. Defendant Gels, upon information and belief, resides at 909 Whirlaway Drive, Union, KY 41091.

4. Defendant Don Black is an individual who, at all times relevant to this Complaint, was employed as Assistant Principal at Ignite Institute within the Boone County School District and is sued in his individual capacity and professional capacity. Defendant Black, upon information and belief, resides at 2763 Running Creek Drive, Florence, KY 41042.

5. Defendant Eric Ball is an individual who, at all times relevant to this Complaint, was employed as an Administrator at Boone County School District and is sued in his individual capacity and professional capacity. Defendant Ball, upon information and belief, resides at 777 Morning Glory Drive, Latonia, Kentucky 41015.

6. Defendant Brian Noll is an individual who, at all times relevant to this Complaint, was employed as an Administrator at Ignite Institute within the Boone County School District and is sued in his individual capacity and professional capacity. Defendant Noll, upon information and belief, resides at 15 Canon Ridge, Ft. Thomas, KY 41075.

7. Defendant Charles Rolfsen is an individual who, at all times relevant to this Complaint, was employed as a School Resource Officer at Ignite Institute within the Boone County School District and is sued in his individual capacity and professional capacity. Defendant Rolfsen, upon information and belief, resides at 8290 Pleasant Valley RD., Florence, KY 41042.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331, as Plaintiff's claims arise under federal law, specifically 42 U.S.C § 12132, and this Court has personal jurisdiction over Boone County Schools because it is a public entity operating in Kentucky with its principal place of business in Florence, Kentucky, and the events giving rise to this action occurred within Kentucky.

9. This Court has in personam jurisdiction over all defendants because, upon information and belief, each of them is a resident and citizen of the Eastern District of Kentucky. Or the entity is located in the Eastern District of Kentucky.

10. Venue is proper in this Court because defendants are residents and citizens of the Eastern District of Kentucky, Northern Division at Covington, 28 U.S.C. §1391(b)(1), and a substantial part of the events giving rise to plaintiffs' claims occurred in this district, 28 U.S.C. §1391(b)(2).

## STATEMENT OF FACTS

11. Plaintiff Mark R. Dirksing was employed as a teacher by Boone County School District at Ignite Institute.

12. Plaintiff suffers from multiple serious health conditions including Mast Cell Disorder, Dysautonomia, Immunoglobulin A deficiency, Irritable Bowel Syndrome, Post-Cholecystectomy Syndrome, Gastroesophageal Reflux Disorder, Dysphagia, and Chronic Pain Syndrome.[1]

13. These conditions are documented by Advanced Allergy Services and constitute disabilities that substantially limit major life activities, including digestion, mobility, and work performance.[2]

14. Beginning in July 2020, Plaintiff experienced severe gastrointestinal illness.

15. In September 2020, Plaintiff underwent gallbladder removal surgery.

16. Plaintiff's medical conditions require frequent access to bathroom facilities and impose dietary restrictions.[3]

---

[1] Exhibit 1: Letter from Jonathan Bernstein, MD.
[2] Exhibit 1: Letter from Jonathan Bernstein, MD.
[3] Exhibit 2: Email thread Titled "Paperwork".

17. Despite his medical conditions, Plaintiff was rated as an "Exemplary" teacher based on student performance metrics and standardized testing scores that ranked among the highest in the school.[4]

18. In October 2021, Boone County School District initially denied Plaintiff's request for Family and Medical Leave Act leave, claiming Plaintiff was short thirty-four hours of the required one thousand two hundred fifty hours.[5]

19. After Plaintiff produced evidence of hours worked, Boone County School District approved Plaintiff's Family and Medical Leave Act request.

20. From October 2021 through March 2022, despite being on approved Family and Medical Leave Act leave, Plaintiff was forced to continue working.[6]

21. During this period, Plaintiff was harassed by administrators Jerome Gels, Don Black, and Dr. Julie Whitis (she passed away) regarding grades, student work, and parent communication.[7]

22. On February 8, 2022, Jerome Gels threatened that Plaintiff's position would be terminated.[8]

23. On February 8, 2022, Jerome Gels pressured Plaintiff's spouse to pursue long-term disability for Plaintiff.[9]

24. In April 2022, Plaintiff requested a reasonable accommodation consisting of a classroom located near a private bathroom to accommodate his frequent medical needs.[10]

25. Boone County School District denied this request, claiming it would disrupt the educational environment and displace over two hundred students.

26. This denial persisted despite Plaintiff's documented medical need and the availability of alternative classroom spaces near bathrooms.

27. Boone County School District eventually designated certain bathrooms as an accommodation for Plaintiff.

28. Boone County School District failed to maintain these designated bathrooms exclusively for Plaintiff's use.[11]

---

[4] Exhibit 3: Letter in Response to Boone County District's Letter Dated October 10, 2023.
[5] Exhibit 4: FMLA Leave Form Marked Denied.
[6] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023; and Exhibit 5: Email Thread Titled "Extra Days".
[7] Exhibit 6: Emails Regarding Work During FMLA Leave.
[8] Exhibit 3: Letter in Response to Boone County District's Letter Dated October 10, 2023.
[9] Exhibit 3: Letter in Response to Boone County District's Letter Dated October 10, 2023.
[10] Exhibit 3: Letter in Response to Boone County District's Letter Dated October 10, 2023.
[11] Exhibit 7: Emails Regarding Unsanitary Conditions.

29. Students repeatedly used the designated bathrooms, leaving them in unsanitary conditions with feces on toilets and urine on seats.[12]

30. On multiple occasions, Plaintiff was unable to access the bathrooms when needed due to student use.[13]

31. Following Plaintiff's inquiry concerning Family Medical Leave Act leave in September 2021, Plaintiff's student council position was withheld in September 2021.[14]

32. From August 2022 through December 2022, Plaintiff was forced to teach classes with thirty-six students while other teachers were assigned classes with only three students.[15]

33. In May 2022, Plaintiff requested donated sick days from colleagues.[16]

34. Jerome Gels stated to Plaintiff: "I have over one hundred sick days and you will not see a single one of them."[17]

35. Boone County School District initially denied Plaintiff's request for donated sick days but later approved the request after Plaintiff made an Americans with Disabilities Act accommodation request.[18]

36. Jerome Gels stated that the district was looking to "make an example of someone" and feared "this someone could be you."[19]

37. In June 2023, approximately nine hundred dollars was deducted from Plaintiff's paycheck due to Mr. Gels and Mr. Ball approving externship days and then reneging on those days.[20]

38. Other teachers were allowed to use externship days for non-business purposes without such deductions.

39. Plaintiff was excluded from a separate English Department email and texting thread, causing Plaintiff to miss critical information necessary to perform job duties.[21]

---

[12] Exhibit 7: Emails Regarding Unsanitary Conditions.
[13] Exhibit 7: Emails Regarding Unsanitary Conditions.
[14] Exhibit 8: Email Thread Titled "Student Council".
[15] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[16] Exhibit 9: Email Thread Titled "Donated Days Eligibility Information".
[17] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[18] Exhibit 9: Email Thread Titled "Donated Days Eligibility Information".
[19] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[20] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[21] Exhibit 10: Emails Regarding English Department Meetings.

40. When Plaintiff raised this communication issue, Plaintiff was written up for addressing the problem.

41. Other teachers were permitted to leave early or arrive late without documentation, but Plaintiff was required to email the administration for any such requests.[22]

42. Other teachers received appreciation tokens consisting of food items, but Plaintiff was excluded despite documented dietary restrictions that prevented Plaintiff from consuming such items.

43. Other teachers, with or without ADA status, were provided with accommodations immediately upon request, while Plaintiff was forced to wait long periods for accommodations requests to be granted or for his requests to be denied.

44. Eric Ball stated he "did not care" about Plaintiff's illness because he had to pick up his child from school.

45. Jerome Gels responded to a colleague's inquiry about moving Plaintiff's students by stating: "He can go throw up or whatever he does."[23]

46. Administrators repeatedly inquired into Plaintiff's medical condition and monitored Plaintiff's social media.[24]

47. Following fundoplication surgery, Plaintiff's physician recommended a return to work date of May 29, 2023.

48. On April 28, 2023, Eric Ball issued an ultimatum requiring Plaintiff to return to work by May 1, 2023, with a medical release, or take a leave of absence for the remainder of the year.[25]

49. This ultimatum forced Plaintiff to choose between returning to work before medical clearance or losing employment status.[26]

50. When Plaintiff reported open exterior doors as a security concern, Plaintiff was reprimanded by Jerome Gels.[27]

51. Following this safety report, school resource officer Charlie Rolfsen yelled at Plaintiff and demanded that Plaintiff go to the principal's office.

52. On January 7, 2025, Jerome Gels informed Plaintiff that Plaintiff could only retrieve personal property from Gels.[28]

---

[22] Exhibit 11: Emails Regarding Leaving
[23] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[24] Exhibit 3: Letter in Response to Boone County District's Letter dated October 10, 2023.
[25] Exhibit 12: Email Thread Titled "Leave Request Form & More".
[26] Exhibit 12: Email Thread Titled "Leave Request Form & More".
[27] Exhibit 13: Email Thread Titled "Propped Door"; and Exhibit 14: Email Thread Titled "Meeting".
[28] Exhibit 15: Email Thread Titled "Items".

53. On November 14, 2025, Boone County School District sent a certified letter stating Plaintiff's possessions would be "donated" if not retrieved.

54. On November 19, 2025, when Plaintiff retrieved belongings, items were crumpled, bent, ruined, and some were missing.

55. Literal garbage was mixed with Plaintiff's belongings.

56. On November 26, 2025, Boone County School District sent a certified letter stating Plaintiff would be arrested if found on any Boone County School District property.

57. The cumulative effects of discrimination, harassment, and retaliation resulted in Plaintiff's hospitalization for depression.

58. During hospitalization, Plaintiff received improper medical care including incorrect medication dosages and inappropriate diet, exacerbating Plaintiff's underlying conditions.

59. Plaintiff filed an Equal Employment Opportunity Commission Charge Number 473-2023-02217 against Boone County School District.[29]

60. On February 13, 2026, the Equal Employment Opportunity Commission issued a determination dismissing the charge and issuing a right-to-sue letter.[30]

## CLAIMS FOR RELIEF

### Count I - Discrimination Based on Disability in Violation of 42 U.S.C. § 12132
### (Against defendant Boone County School District)

61. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

62. Plaintiff is a qualified individual with a disability.

63. Plaintiff suffers from Mast Cell Disorder, Dysautonomia, Immunoglobulin A deficiency, Irritable Bowel Syndrome, Post-Cholecystectomy Syndrome, Gastroesophageal Reflux Disorder, Dysphagia, and Chronic Pain Syndrome, all documented by Advanced Allergy Services.

64. These conditions substantially limit major life activities, including digestion, mobility, and work performance.

[29] Exhibit 16: EEOC Charge.
[30] Exhibit 17: EEOC Determination.

65. Plaintiff was qualified to perform the essential functions of his teaching position, as evidenced by his "Exemplary" rating and high student performance metrics.

66. Plaintiff was subjected to discrimination by a public entity.

67. Boone County School District is a public entity organized under the laws of Kentucky and located in Florence, Kentucky.

68. Boone County School District subjected Plaintiff to discrimination, including denial of reasonable accommodations, forced work during approved Family and Medical Leave Act leave, withholding of positions and benefits, assignment of excessive workloads, exclusion from communications, disparate treatment regarding leave policies, and ultimate termination.

69. The discrimination was by reason of Plaintiff's disability.

70. Boone County School District denied Plaintiff a classroom near bathroom facilities specifically because of Plaintiff's medical need for frequent bathroom access.

71. Administrators made statements directly referencing Plaintiff's illness and medical needs, including "He can go throw up or whatever he does" and "did not care" about Plaintiff's illness.

72. Plaintiff was treated differently than other employees who did not have disabilities, including being required to provide documentation for early departures while others were not, being assigned excessive class sizes while others had minimal class sizes, and being excluded from appreciation tokens due to dietary restrictions related to his disability.

73. The ultimatum to return to work by May 1, 2023, was issued despite Plaintiff's physician recommending a return date of May 29, 2023, demonstrating discrimination based on Plaintiff's medical condition.

74. Below is a list of incidents where other teachers at the school were treated more fairly:

    1. Crystal High, another teacher, was allocated twenty Externship Days, while the Plaintiff's Externship days were taken away, despite a supposed maximum of ten Externship Days.

    2. Sarah Brown, another teacher, who did not have ADA status, received "favors" such as paid days off and time away from students and work for her medical condition.

    3. Morgan Kelley and Katie Moss, other teachers, upon becoming pregnant, were immediately given parking spots close to the building and received other accommodations, such as time off beyond normal maternity leave.

4. Tabatha MaGee, another teacher, hurt her back and immediately received a parking spot by the back door, while the Plaintiff was refused similar access and told not to use the back door despite its proximity to the classroom.

5. Gels told the Plaintiff that switching classrooms for closer bathroom access would disrupt the educational environment and displace students, while others, such as Debbie Jones and Katie Moss, received accommodations more readily.

6. Many teachers, including Kim Dirksing, Elaine Dietz, Dawn Reinhart, and Sarah Brown, were allowed to leave for appointments without consequences, while the Plaintiff had to get permission and was reprimanded for leaving for appointments.

7. Elaine Dietz left school early every day with an agreement from the administration, while the Plaintiff was reprimanded for similar actions.

8. Gels told Lori Knapp-Lindsey to take a half day in the future without using the absence system, while the Plaintiff and his spouse were docked a half day for leaving in an ambulance.

9. Other teachers missed meetings without repercussions, while the Plaintiff was reprimanded for missing a department meeting to help a student.

10. Teachers frequently left before 3:00 pm or arrived after 7:30 am without needing to notify administration, while the Plaintiff was held to a stricter standard.

11. The Plaintiff was reprimanded for not notifying about absences, while Elaine Dietz and others did not receive similar reprimands for missing required meetings.

12. The Plaintiff was left out of department communications and meetings, impacting the ability to perform job duties, while other teachers were included.

13. The Plaintiff was singled out for not attending a professional development session missed due to illness by Gels, while Sarah Brown, another teacher, who missed the same day, was not required to meet with the administration.

14. Debbie Jones, who did not have ADA protection or a health plan, received a black-out room and an action plan after a seizure, while the author’s ADA accommodations were not similarly supported.

75. As a direct and proximate result of Defendant Boone County School District's discrimination, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, hospitalization for depression, physical deterioration, damage to professional reputation, and loss of employment.

**Count II - Failure to Provide Reasonable Accommodations in Violation of 42 U.S.C § 12132**
**(Against defendant Boone County School District)**

76. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 75 as if fully set forth herein.

77. Plaintiff is a qualified individual with a disability.

78. Plaintiff suffers from documented disabilities that substantially limit major life activities including digestion and mobility.

79. Defendant Boone County School District was aware of Plaintiff's disability.

80. Plaintiff provided medical documentation from Advanced Allergy Services detailing his conditions.

81. Plaintiff requested Family and Medical Leave Act leave, which was approved, demonstrating Defendant's knowledge of Plaintiff's medical conditions.

82. Plaintiff explicitly requested reasonable accommodations including a classroom near bathroom facilities.

83. With reasonable accommodation, Plaintiff could perform the essential functions of the teaching position.

84. Plaintiff was rated as an "Exemplary" teacher with high student performance metrics, demonstrating his ability to perform essential teaching functions.

85. The requested accommodation of a classroom near bathroom facilities would have enabled Plaintiff to perform his duties without the disruption caused by urgent medical needs.

86. Defendant refused to make reasonable accommodations.

87. Defendant denied Plaintiff's request for a classroom near bathroom facilities, claiming it would disrupt the educational environment and displace over two hundred students.

88. When Defendant eventually designated bathrooms for Plaintiff's use, Defendant failed to maintain them exclusively for Plaintiff, rendering the accommodation ineffective.

89. Students repeatedly used the designated bathrooms, leaving them in unsanitary conditions, and Plaintiff was unable to access them when needed.

90. Defendant forced Plaintiff to work during approved Family and Medical Leave Act leave, failing to accommodate Plaintiff's need for medical leave.

91. Defendant demanded Plaintiff return to work by May 1, 2023, despite Plaintiff's physician recommending a return date of May 29, 2023, failing to accommodate Plaintiff's medical restrictions.

92. The requests made by the Plaintiff were reasonable because the School District could have easily switched the Plaintiff's classroom with another classroom teacher.

93. As a direct and proximate result of Defendant Boone County School District's failure to provide reasonable accommodations, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, mental anguish, hospitalization for depression, physical deterioration, and loss of employment.

**Count III - Retaliation in Violation of 42 U.S.C § 12203**
**(Against defendant Boone County School District)**

94. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 93 as if fully set forth herein.

95. Plaintiff engaged in protected activity.

96. Plaintiff requested Family and Medical Leave Act leave in October 2021.

97. Plaintiff requested reasonable accommodations for his disability in April 2022.

98. Plaintiff requested donated sick days in May 2022.

99. Plaintiff opposed discriminatory practices by raising concerns about the lack of communication and disparate treatment.

100. Plaintiff reported safety violations regarding open exterior doors.

101. Plaintiff filed an Equal Employment Opportunity Commission charge in 2023.

102. Plaintiff suffered adverse employment actions.

103. Following Plaintiff's accommodation requests, Plaintiff's student council position was withheld in September 2021.

104. From August 2022 through December 2022, Plaintiff was assigned classes with thirty-six students while other teachers had only three students.

105. In May 2022, Plaintiff's request for donated sick days was initially denied.

106. In June 2023, approximately nine hundred dollars was deducted from Plaintiff's paycheck.

107. Plaintiff was excluded from department communications and meetings.

108. In October 2024, Plaintiff was written up for reporting communication problems.

109. In October 2024, Plaintiff was harassed by school resource officer Charlie Rolfsen after reporting safety violations.

110. From January through November 2025, Plaintiff's personal property was removed, damaged, and some items were lost.

111. On November 26, 2025, Plaintiff was threatened with arrest if found on school property, effectively terminating Plaintiff's employment.

112. There is a causal connection between the protected activity and the adverse actions.

113. The withholding of the student council position in September 2021 occurred shortly after Plaintiff's inquiry concerning Family and Medical Leave Act in September 2021.

114. The assignment of excessive class sizes from August through December 2022 occurred shortly after Plaintiff's accommodation request in April 2022.

115. The denial of donated sick days in May 2022 occurred shortly after Plaintiff's accommodation request in April 2022, and was only approved after Plaintiff made an Americans with Disabilities Act request.

116. The nine hundred dollar paycheck deduction in June 2023 occurred after Plaintiff's continued requests for accommodations and leave.

117. The exclusion from communications, written reprimand, harassment, property damage, and termination threat all occurred after Plaintiff's protected activities.

118. The pattern and timing of adverse actions demonstrate a retaliatory motive.

119. Administrators made statements indicating retaliatory intent, including that the district was looking to "make an example of someone" and that "this someone could be you."

120. Katie Moss, an employee of Defendant, became pregnant and received accommodations during her pregnancy, including a parking spot close to the building and time off. Morgan Kelley, an employee of Defendant, became pregnant and was immediately given a parking spot close to the building. Plaintiff requested a parking spot close to the building multiple times and was refused by Defendant.

121. On February 6, 2024, Plaintiff was scheduled to attend an English Department Professional Learning Community (PLC) meeting. At approximately 1:55 p.m. on February 6, 2024, a very distressed and upset student approached Plaintiff. The student was crying about personal issues she was having at home. Plaintiff counseled the student from approximately 1:55 p.m. until approximately 3:00 p.m.

on February 6, 2024. As a result of counseling the student, Plaintiff was unable to attend the English Department PLC meeting on February 6, 2024.

122. On February 15, 2024, Brian Noll, Plaintiff's supervisor and an agent of Defendant, sent Plaintiff an email asking whether Plaintiff had attended the English Department PLC meeting on February 6, 2024. Plaintiff responded to Brian Noll's email, explaining that Plaintiff had been counseling a distressed student during the time of the PLC meeting. In Plaintiff's response, Plaintiff identified Elaine Dietz, another employee of Defendant, as a witness who could confirm that Plaintiff was counseling the student as Elaine Dietz was sitting at her desk during that time. On February 16, 2024, Plaintiff was out of work due to surgery. On February 16, 2024, Brian Noll approached Elaine Dietz to confirm the truthfulness of Plaintiff's claim that Plaintiff was counseling a student on February 6, 2024. On February 20, 2024, Elaine Dietz reported to Plaintiff that Brian Noll had approached her on February 16, 2024 to verify Plaintiff's explanation. Defendant, through Brian Noll, reprimanded Plaintiff for not notifying anyone of Plaintiff's absence from the February 6, 2024 PLC meeting.

123. Elaine Dietz, an employee of Defendant, was scheduled to attend a Career Department PLC meeting but did not attend. Elaine Dietz was at her desk working during the time she was scheduled to attend the Career Department PLC meeting. Elaine Dietz did not receive an email from Defendant stating that she was required to submit notification of missed meetings. Elaine Dietz does not attend bi-monthly required Faculty Meetings. Elaine Dietz has not been reprimanded by Defendant for failing to notify supervisors of her absences from PLC meetings or Faculty Meetings. Michael Kerner, Jim Mardis, Chris Norris, and Zach Bolen are employees of Defendant who do not attend Department PLC meetings. Upon information and belief, Michael Kerner, Jim Mardis, Chris Norris, and Zach Bolen have not been reprimanded by Defendant for failing to attend Department PLC meetings or for failing to notify supervisors of their absences.

124. As a direct and proximate result of Defendant Boone County School District's retaliation, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, mental anguish, hospitalization for depression, physical deterioration, damage to professional reputation, and loss of employment.

## Count IV - Deprivation of Rights Under Color of State Law in Violation of 42 U.S.C. § 1983

**(Against defendants Jerome Gels, Don Black, Eric Ball, Brian Noll, and Charlie Rolfsen in their individual and proffesional capacities)**

125. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 124 as if fully set forth herein.

126. At all times relevant to this Complaint, Defendants Jerome Gels, Don Black, Eric Ball, Brian Noll, and Charlie Rolfsen acted under color of state law.

127. Defendant Jerome Gels acted under color of state law as Principal of Ignite Institute, exercising authority delegated by the State of Kentucky through the Boone County School District.

128. Defendant Don Black acted under color of state law as Assistant Principal of Ignite Institute, exercising authority delegated by the State of Kentucky through the Boone County School District.

129. Defendant Eric Ball acted under color of state law as an Administrator of Boone County School District, exercising authority delegated by the State of Kentucky.

130. Defendant Brian Noll acted under color of state law as an Administrator of Ignite Institute, exercising authority delegated by the State of Kentucky through the Boone County School District.

131. Defendant Charlie Rolfsen acted under color of state law as a School Resource Officer at Ignite Institute, exercising law enforcement authority delegated by the State of Kentucky.

132. Defendants' conduct deprived Plaintiff of rights secured by federal law.

133. Defendants violated Plaintiff's rights under 42 U.S.C § 12132 to be free from disability discrimination.

134. Defendants violated Plaintiff's rights under 42 U.S.C. § 12132 to receive reasonable accommodations for his disability.

135. Defendants violated Plaintiff's rights under 42 U.S.C. § 12203 to be free from retaliation for asserting rights under the Americans with Disabilities Act.

136. Defendant Jerome Gels denied Plaintiff's request for a classroom near bathroom facilities.

137. Defendant Jerome Gels threatened Plaintiff's position would be terminated on February 8, 2022.

138. Defendant Jerome Gels pressured Plaintiff's spouse to pursue long-term disability for Plaintiff.

139. Defendant Jerome Gels stated, "I have over one hundred sick days and you will not see a single one of them."

140. Defendant Jerome Gels stated the district was looking to "make an example of someone" and that "this someone could be you."

141. Defendant Jerome Gels stated, "He can go throw up or whatever he does" in reference to Plaintiff.

142. Defendant Jerome Gels reprimanded Plaintiff for reporting safety violations.

143. Defendant Jerome Gels informed Plaintiff on January 7, 2025, that Plaintiff could only retrieve personal property from Gels.

144. Defendant Don Black participated in harassing Plaintiff regarding grades, student work, and parent communication while Plaintiff was on approved Family and Medical Leave Act leave from October 2021 through March 2022.

145. Defendant Eric Ball stated he "did not care" about Plaintiff's illness because he had to pick up his child from school.

146. Defendant Eric Ball issued an ultimatum on April 28, 2023, requiring Plaintiff to return to work by May 1, 2023, with medical release, despite Plaintiff's physician recommending a return date of May 29, 2023.

147. Defendant Eric Ball approved externship days for Plaintiff and then reneged on those days, resulting in a nine hundred dollar deduction from Plaintiff's paycheck in June 2023.

148. Defendant Brian Noll participated in the discriminatory treatment and denial of accommodations to Plaintiff.

149. Defendant Charles Rolfsen yelled at Plaintiff and demanded Plaintiff go to the principal's office after Plaintiff reported safety violations regarding open exterior doors.

150. Defendants' actions were taken with deliberate indifference to Plaintiff's federally protected rights.

151. Defendants were aware of Plaintiff's disabilities and medical needs through documentation and requests for leave and accommodations.

152. Despite this knowledge, Defendants denied accommodations, forced Plaintiff to work during approved leave, issued threats, made discriminatory statements, imposed excessive workloads, excluded Plaintiff from communications, demanded premature return to work, harassed Plaintiff, damaged Plaintiff's property, and threatened Plaintiff with arrest.

153. Plaintiff suffered damages as a result.

154. As a direct and proximate result of Defendants' deprivation of Plaintiff's federal rights, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, mental anguish, hospitalization for depression, physical deterioration, damage to professional reputation, and loss of employment.

**Count V - Interference with Family and Medical Leave Act Rights of 29 U.S.C. § 2615**
**(Against defendant Boone County Schools)**

155. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 154 as if fully set forth herein.

156. Plaintiff is an eligible employee under the Family and Medical Leave Act.

157. Plaintiff was employed by Boone County Schools for more than twelve months.

158. Plaintiff worked at least one thousand two hundred fifty hours during the twelve months preceding his leave request.

159. Defendant Boone County Schools is a covered employer under the Family and Medical Leave Act.

160. Boone County Schools is a public agency employing more than fifty employees.

161. Plaintiff was entitled to Family and Medical Leave Act leave.

162. Plaintiff suffered from serious health conditions including gastrointestinal illness requiring gallbladder removal surgery in September 2020, and subsequent complications requiring fundoplication surgery.

163. These serious health conditions entitled Plaintiff to Family and Medical Leave Act leave.

164. Plaintiff gave notice of his intention to take leave.

165. Plaintiff requested Family and Medical Leave Act leave in October 2021.

166. After initially denying the request, Defendant approved Plaintiff's Family and Medical Leave Act leave in October 2021.

167. Defendant denied benefits to which Plaintiff was entitled under the Family and Medical Leave Act.

168. From October 2021 through March 2022, despite Plaintiff's approved Family and Medical Leave Act leave, Defendant forced Plaintiff to continue working.

169. During this period, administrators Jerome Gels, Don Black, and Dr. Julie Whitis harassed Plaintiff regarding grades, student work, and parent communication.

170. On April 28, 2023, Defendant, through Eric Ball, issued an ultimatum requiring Plaintiff to return to work by May 1, 2023, with medical release, despite Plaintiff's physician recommending a return date of May 29, 2023.

171. This ultimatum interfered with Plaintiff's right to take Family and Medical Leave Act leave until medically cleared to return to work.

172. Defendant's actions prevented Plaintiff from exercising his rights under the Family and Medical Leave Act.

173. Don Black, now assistant principal and the time instructional coach, required Plaintiff to run his grade while he was on leave through Canvas. Plaintiff was creating work assignments, assessments, and grading while he was on leave. Plaintiff did not get paid for his work; at the end of the year, Plaintiff requested pay but was denied.

174. As a direct and proximate result of Defendant Boone County School District's interference with Plaintiff's Family and Medical Leave Act rights, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, mental anguish, hospitalization for depression, physical deterioration, and loss of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award Plaintiff the following relief:

1. Compensatory damages for lost wages, benefits, and economic losses in an amount to be determined at trial;

2. Compensatory damages for emotional distress, mental anguish, pain and suffering, and other non-economic losses in an amount to be determined at trial;

3. Injunctive relief, including reinstatement to Plaintiff's former position or, in the alternative, front pay;

4. Injunctive relief requiring Defendant Boone County School District to implement policies, procedures, and training to prevent future discrimination, ensure provision of reasonable accommodations, and comply with the Americans with Disabilities Act and Family and Medical Leave Act;

5. Punitive damages against Defendants Jerome Gels, Don Black, Eric Ball, Brian Noll, and Charlie Rolfsen in their individual capacities for willful, malicious, and recklessly indifferent conduct in an amount to be determined at trial;

6. Attorney's fees and costs as a prevailing party pursuant to 42 U.S.C § 12133 and applicable law;

7. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

8. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Zachary J. Smith
Zachary J. Smith (#98886)
P.O. Box 75310
Fort Thomas, KY 41075
(859) 429-8254
zjsmithlaw@protonmail.com

**VERIFICATION**

This is to verify that the foregoing statements are true and accurate to the best of my knowledge.

MARK DIRKSING

STATE OF KY :

COUNTY OF Kenton :

SUBSCRIBED AND SWORN to before me, a Notary Public, in and for the above-mentioned County and State, this 12 day of May, 2026.

NOTARY PUBLIC #KYNP92549

MY COMM. EXPIRES: Sept 18, 2028